UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Kelly, | ) | CASE NO. 5:14CV1217 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Alan J. Lazaroff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Ronald Kelly, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 9) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Kelly's objection. The objection lack merit.

At its core, Kelly's objections center upon a claim that the R&R erred when it found that the state court had not unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). The Court finds no merit in this objection.

When analyzing a *Strickland* claim under § 2254(d), our review is "'doubly deferential.'" *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411,

1

1420 (2009)). The key question "'is whether there is *any reasonable argument* that counsel satisfied Strickland's deferential standard.'" *Foust v. Houk*, 655 F.3d 524, 533–34 (6th Cir. 2011) (emphasis added) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)).

Within his objections, Kelly asserts that his trial counsel's "all or nothing" defense was so unreasonable that it satisfies his high standard even under the AEDPA. In so arguing, Kelly challenges the overall reasonableness of his strategic defense. However, Kelly did not raise such a claim at any time in either his state court proceedings or in his petition before this Court. Rather, Kelly raised the more limited claim of whether his counsel was ineffective for failing to request jury instructions on lesser included offenses. *That* decision must be reviewed in light of the overall defense strategy. Such a review leads to the conclusion that the R&R committed no error.

Kelly concedes, as he must, that his counsel pursued an "all or nothing" defense. Kelly testified that he had absolutely no contact in any manner with the victim. He also repeatedly pointed to his co-defendant, Barker, as the aggressor, going as far as to highlight an altercation earlier in that same evening in which he claimed Barker was an aggressor. Kelly further put on numerous character witnesses that all contending that he was not a violent individual. With that background in mind, it was not only reasonable for defense counsel to decline to request instructions on lesser included, but it may very well have been the only reasonable course of action. Had counsel requested instructions on the lesser included offenses, one cannot conceive how argument could be made on those offenses. Counsel would have been placed in a situation of first arguing that the jury believe his client when Kelly testified that he was not involved in any manner. Immediately thereafter, counsel would have to argue that even if his client were not to be believed, the jury should find him guilty of only the lesser included offense. Effectively

requesting leniency for a defendant lying about his involvement in an altercation that led to a death does not appear to be a viable defense strategy. As such, this Court finds no error in the R&R's conclusion that the trial court's application of *Strickland* was not unreasonable.

Moreover, the Court would note Kelly's suggestion that prejudice can easily be demonstrated by the result of the co-defendant Barker's appeal is equally unpersuasive. On appeal, Barker demonstrated that his request that instructions on lesser included offenses should have been granted. However, even assuming those instructions could have been given in Kelly's case, it does not follow that he has demonstrated a reasonable likelihood that his trial result would have been different. In fact, within his objections in this matter, Kelly has admitted "no fewer than ten state witnesses" testified that he kicked or stomped the victim in the chest or face. Given that evidence, it is not likely that giving the lesser included offense instructions would have altered the jury verdict. Once again, in arguing that prejudice is shown, Kelly seeks to revisit the entirety of his defense strategy rather than focus on the very limited claim that has been presented for review herein. In so doing, he essentially would have the Court re-try the entire matter with an entirely distinct defense strategy formulated in hindsight years after the jury verdict. Such an argument is not appropriate in the habeas context.

Kelly's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

July 27, 2015      /s/ John R. Adams
                   JUDGE JOHN R. ADAMS
                   UNITED STATES DISTRICT COURT